Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Maribel Riollano Ramos  Recurrida  vs.  Municipio de Isabela  Recurrente | KLRA202400422 | **REVISIÓN ADMINISTRATIVA** procedente de la Comisión Apelativa del Servicio Público de P.R.  Casi Núm.: 2023-09-1539  Sobre: Retención  Materia |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de agosto de 2024.

Comparece ante nos, el Municipio de Isabela (Municipio o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Orden" emitida el 29 de mayo de 2024,[1] por la Comisión Apelativa del Servicio Público (CASP). Mediante dicha determinación, la CASP declaró No Ha Lugar la "Moción en Solicitud de Desestimación por Incuria" presentada por el recurrente, y ordenó la continuación de los procedimientos ante sí.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 2 de diciembre de 2021, el Municipio notificó a la señora Maribel Riollano Ramos (Sra. Riollano Ramos o recurrida), mediante carta, la intención de expulsarla del puesto de Policía

---

[1] Notificada el 6 de junio de 2024.

Número Identificador

SEN2024 _____

Municipal que ocupaba en dicho ayuntamiento. Específicamente, por incurrir en ciertas faltas graves inconsistentes con los deberes y responsabilidades que exigen su puesto. Además, le apercibió de su derecho a ser oída y presentar evidencia a su favor en una vista administrativa informal.

La Sra. Riollano Ramos ejerció su derecho a la vista administrativa, la cual fue celebrada el 20 de diciembre de 2021. Evaluada la prueba presentada, el 4 de febrero de 2022, el Municipio determinó expulsar a la recurrida del puesto de Policía Municipal. En cuanto a su derecho a solicitar revisión, se le apercibió lo siguiente:

> *De usted no estar conforme con esta decisión, le apercibo de su derecho a recurrir a la Comisión de Investigación, Procesamiento y Apelación (CIPA)... dentro del término de treinta (30) días a partir del recibo de esta comunicación.[2]*

A tenor, el 22 de febrero de 2022, la Sra. Riollano Ramos presentó una "Apelación" ante la CIPA. Sin embargo, el Municipio solicitó la desestimación del escrito, toda vez que, según las disposiciones del Código Municipal de Puerto Rico, la agencia con jurisdicción para atenderlo no era la CIPA, sino la CASP. En su réplica, la Sra. Riollano Ramos peticionó que se le ordenara al Municipio a renotificar su determinación, con el fin de que comenzara a decursar el término para recurrir ante la CASP. Del expediente no surge que la CIPA se haya expresado en cuanto a estos escritos.

En ánimo de evitar cualquier planteamiento sobre la doctrina de incuria, el 14 de marzo de 2023, la Sra. Riollano Ramos presentó su "Apelación" ante la CASP. Empero, por adolecer de defectos de notificación,[3] dicho escrito se tuvo por no radicado.

---

[2] Véase, apéndice pág. 27.
[3] Véase, "Notificación Final de Deficiencia y Devolución de Apelación por Incumplimiento", apéndice pág. 42.

Habiendo corregido las deficiencias señaladas, el 20 de septiembre de 2023, la recurrida presentó, por segunda ocasión, su escrito de "Apelación" ante la CASP.

Así las cosas, el 10 de octubre de 2023, el Municipio presentó una "Moción en Solicitud de Desestimación por Incuria". En esencia, argumentó que ya habían transcurrido 196 días desde que la recurrida advino en conocimiento de que la CASP era el foro con jurisdicción para atender su "Apelación". Por entender que no se demostró justa causa para la demora, solicitó la desestimación de la "Apelación" conforme la doctrina de incuria.

Evaluada su petición, el 29 de mayo de 2024,[4] la CASP emitió una "Orden" mediante la cual declaró No Ha Lugar la "Moción en Solicitud de Desestimación por Incuria" presentada por el recurrente, y ordenó la continuación de los procedimientos. Razonó que el término para solicitar revisión nunca comenzó a transcurrir, puesto que a la Sra. Riollano Ramos se le informó erróneamente el foro ante el cual debía presentar su "Apelación".

Inconforme, el 24 de junio de 2024, el Municipio presentó una "Moción en Solicitud de Reconsideración", y reiteró su solicitud de desestimación amparándose en la doctrina de incuria. La CASP no tomó acción alguna sobre la "Moción de Reconsideración" presentada por el recurrente.

Aún insatisfecho, el Municipio recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> *Erró la Comisión Apelativa del Servicio Público (C.A.S.P.) al no desestimar la apelación presentada por la parte recurrida 196 días después de haber admitido la parte recurrida que la C.A.S.P. es el foro con jurisdicción sobre la materia y sin mediar justa causa para su dilación.*

---

[4] Notificada el 6 de junio de 2024.

## II.

### -A-

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 25, 213 DPR ___ (2024). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, [s.l.], [ed. del autor], 2010, pág. 25. "[P]ara privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme 582 (3ra ed. 2013). La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del*

> *procedimiento, a instancia de las partes o por el tribunal motu proprio.*
>
> *Beltrán Cintrón et al v. ELA et al,* 204 DPR 89, 101-102 (2020).

Si un tribunal carece de jurisdicción, sólo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las controversias que le son planteadas. *Pueblo v. Ríos Nieves, supra,* a la pág. 274. La referida regla dispone que, al determinar si el recurso fue presentado en la etapa más oportuna para su consideración, el tribunal considerará los siguientes factores, a saber:

> *(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**-B-**

La Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), dispone lo siguiente:

> *Una parte adversamente afectada por una **orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de*

*treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia* [...] (Énfasis nuestro).

Como vemos, es la parte afectada por una **orden o resolución final** de una agencia quien posee el derecho de incoar un recurso de revisión judicial ante el Tribunal de Apelaciones. *ACT v. Prosol et als.,* 210 DPR 897, 909 (2022). Además, la citada disposición legal recoge la llamada doctrina de agotamiento de remedios administrativos la cual es, junto a la doctrina de jurisdicción primaria, una norma de autolimitación judicial. *Moreno Ferrer v. JRCM,* 209 DPR 430, 435 (2022). Esta doctrina implica que, antes de acudir a un tribunal, la parte que desea obtener un remedio deberá utilizar todos los medios administrativos disponibles, pues, de lo contrario, la revisión judicial no estará disponible. *AAA v. UIA,* 200 DPR 903, 913 (2018). Por lo que, necesariamente, "[e]l agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o que debió haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo". J. Echevarría Vargas, Derecho Administrativo Puertorriqueño, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71.

Así, la Sección 4.2 de la Ley Núm. 38-2017, *supra,* limita nuestra facultad revisora sobre las determinaciones de las agencias administrativas a aquellas instancias que cumplan con los siguientes requisitos: (1) **cuando se trate de una orden o resolución final**, y (2) que se hayan agotado todos los remedios provistos por el ente administrativo. *AAA v. UIA, supra,* a la pág. 911. Aunque la LPAU no define el término de "orden o resolución final", nuestra Alta Curia lo ha definido como "aquella determinación de la agencia administrativa **que pone fin a los**

**procedimientos en un foro determinado y tiene un efecto sustancial para las partes**". *Íd.*, a las págs. 912-913. (Énfasis provisto).

De esta forma, se logra que los pleitos lleguen al foro judicial en el momento apropiado y, a su vez, se cumplen los siguientes objetivos, a saber: (1) permite que la agencia desarrolle un historial completo del asunto y utilice su *expertise* para adoptar medidas conforme la política pública formulada por éste; (2) evita intervenciones inoportunas de los tribunales; (3) facilita la revisión judicial; y (4) promueve la distribución eficiente de tareas entre los poderes ejecutivo y judicial. *Íd.*, a la pág. 914.

Este requisito de finalidad no tan solo está comprendido en la LPAU, sino que también es reconocido en otras disposiciones legales que regulan nuestro ordenamiento jurídico. Por ejemplo, el Art. 4.006 de la Ley de la Judicatura, 4 LPRA sec. 24y, el cual regula expresamente la competencia de este Foro, provee que, como cuestión de derecho, se acogerán aquellos recursos de revisión judicial en los cuales se recurre "de **las decisiones, órdenes y resoluciones finales** de organismos o agencias administrativas". (Énfasis suplido). De igual forma, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56, imparte que esta segunda instancia judicial podrá revisar "las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias **finales** dictadas por organismos o agencias administrativas". (Énfasis nuestro).

Ahora bien, es menester reconocer que la doctrina de agotamiento de remedios administrativos y el requisito de finalidad admiten excepciones. A esos efectos, la Sección 4.3 de la Ley Núm. 38-2017, 3 LPRA sec. 9673, establece lo siguiente:

> *El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea*

*inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.*

Por consiguiente, ante los supuestos antes mencionados, se justifica el preterir el trámite administrativo, y el tribunal podrá conceder el remedio solicitado. De lo contrario, los tribunales deberán abstenerse de intervenir hasta tanto la agencia atienda el asunto. *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 851 (2008).

### III.

Según revela el trámite procesal discutido, la Sra. Riollano Ramos presentó una "Apelación" ante la CASP, impugnando una determinación de despido emitida por el Municipio. Este último solicitó la desestimación del escrito, bajo la doctrina de incuria. No obstante, la CASP concluyó que la recurrida compareció en término para solicitar la revisión, toda vez que dicho término nunca comenzó a transcurrir. Lo anterior, debido a que a la Sra. Riollano Ramos se le informó erróneamente el foro en el cual debía presentar su "Apelación".

En su escrito, el Municipio reitera los mismos argumentos expuestos ante la agencia recurrida. En apoyo a sus contenciones, reafirma que la "Apelación" presentada por la recurrida debió desestimarse por incuria.

No obstante, tras un análisis de la determinación recurrida, **nos percatamos de que el Municipio no está solicitando la revisión judicial de una orden o resolución final**. **Por lo que**, **conforme el derecho antes esbozado**, **estamos impedidos de ejercer nuestra facultad revisora sobre una decisión**

**administrativa que no adjudica con carácter de finalidad los procedimientos ante la CASP**, **y tampoco tiene un efecto sustancial para las partes**.

Esto es evidente cuando la "Orden" recurrida ni tan siquiera incluye determinaciones de hecho, conclusiones de derecho, ni la disponibilidad del recurso de reconsideración o revisión, según lo exige la Sección 3.14 de la Ley Núm. 38-2017, 3 LPRA sec. 9654. No se trata de una decisión administrativa que ponga "fin al caso ante la agencia", sino que, por el contrario, ordena la continuación de los procedimientos. *J. Exam. Tec. Med. v. Elías et al.*, 144 DPR 483, 490 (1997).

En su recurso, el recurrente invoca jurisdicción al amparo de la Sección 4.6 de la Ley Núm. 38-2017, 3 LPRA sec. 9676, la cual expresamente dispone que serán revisadas por este Tribunal de Apelaciones aquellas **decisiones**, **órdenes y resoluciones adjudicativas finales** dictadas por agencias administrativas.

Sin duda, la "Orden" cuya revisión se nos solicita carece de finalidad, puesto que no pone fin a la controversia que se está ventilando ante el foro administrativo. Ante tales circunstancias, debemos abstenernos de revisar la "Orden" recurrida hasta tanto la CASP haya tenido la oportunidad de considerar todos los aspectos de la controversia, y su decisión refleje la posición final de la agencia recurrida.

Adicionalmente, debemos mencionar que, a tenor con la normativa antes expuesta, la situación particular que hoy atendemos no presenta alguna de las excepciones que permitan obviar el requisito de finalidad. Consecuentemente, determinamos que no estamos ante un caso excepcional dentro de los contornos de la Sección 4.3 de la Ley Núm. 38-2017, *supra.* En ese contexto, no procede obviar el requisito de finalidad.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el Municipio de Isabela.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones